## Case No. 2,444.

### CARRIGAN v. The CHARLES PITMAN.

[1 Wall. Jr. 307.][2]

Circuit Court, E. D. Pennsylvania. April 14, 1849.

#### PRACTICE—APPEAL FROM THE ADMIRALTY.

When an admiralty case comes into this court on an appeal from the district court, either side —by the practice of the 3d circuit—is at liberty to take new evidence. But generally speaking, where the decree of the district court is reversed, ·because it was given on a different

---

[1] [Reprinted from 13 N. B. R. 208, by permission].

[2] [Reported by John William Wallace, Esq.]

state of facts from that presented to this court, the party succeeding here does not have costs.

[Cited in The Margaret v. The Connestoga, Case No. 9,070.]

[See Gonzales v. Minor. Case No. 5,530.]

[See note at end of case.]

Appeal from the district court of the United States.

The district court had given a judgment in admiralty against the schooner Charles Pitman [case not reported], from which there was an appeal to this court.

Mr. Raybold, for libellant, now moved to take certain testimony on one of the points, upon which the district judge had decided the case; a point, it appeared, which had not been much adverted to by counsel below.

St. G. T. Campbell, on the other side, suggested that the course was irregular; this court taking cognizance of appeals strictly as an appellate court. Act Sept. 24, 1789, § 21 [1 Stat. 83]. Dyott's Case, 2 Watts & S. 564, declares that the duty of such a court is to correct the errour of an inferior tribunal, which being supposed to have examined the case thoroughly, cannot with propriety be said to have erred, when on the evidence given its decision was perfectly right. The court there remark: "We cannot examine the case de novo, without overwhelming the court with business; and in many cases, unless this be done, and the cause be reheard in toto, we run the risk of doing more injustice than we prevent, by determining a cause on an apparent state of facts, which the opposite party has had no opportunity to explain or rebut." The remark applies to this court: and the practice will prove particularly hard in admiralty cases, where a party finding that no case, or an insufficient one, has been made on the other side, dismissed his witnesses who go to sea, and cannot again be found. There ought at least to be shewn a special necessity. and a reason why the testimony was not taken below.

GRIER, Circuit Justice. The practice at this bar having been for many years to proceed de novo in the testimony. I hardly feel at liberty now to change it; though I have rather grumbled in one or two cases; where parties finding out from the opinion of the district judge where their case pinched, have taken new testimony here to help them out of their difficulty; and have thus presented so different a case to me, that I have reversed my Brother Kane's decisions, when they were perfectly right, upon the facts presented to him. But under such circumstances I have allowed no costs to the party succeeding, and generally speaking, should think this rule to be but equitable. Rule allowed.

[NOTE. An appeal in the admiralty is in nature of a new trial, in which the court does not enter into the mere consideration of the propriety of the decision of the judge below, upon the evidence before him, but affords an opportunity to the appellant to present his case with the best possible aspect that new allegations or new evidence can afford it. Rose v. Himely, Case No. 12,045; Anonymous, Id. 444; The Boston, Id. 1,673; The Sarah Ann, Id. 12,342. In Anonymous, supra, Mr. Justice Story states that the principle of allowing amendments and new matter upon an appeal in an admiralty cause is well settled, and that the true ground of the practice is that the proceedings are considered de novo in the appellate jurisdiction, but that the new proof should be confined to the new allegations. and no proof allowed to contradict the original testimony upon points in contestation in the court below. The Boston, supra; Cushman v. Ryan, Case No. 3,515. In the case last cited, Mr. Justice Story held that if new evidence is offered, which might fairly have been introduced in the court below, by the exercise of reasonable diligence, it should be treated as being of far less value than it would have been under other circumstances, especially if it goes to the very gist of the matters put in controversy by the libel and answer, since it may be justly imputed to the laches of the party, and is open to the suspicion of being framed to meet the new exigencies of the case. And in Coffin v. Jenkins. Case No. 2,948, the same justice further stated, on this point, that the court ought, in all cases, to be very cautious in admitting any new matters. either of allegation or of defense, where the facts on which they rest are not new, or newly discovered. but were perfectly known at or before the hearing in the district court.]